PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* MARÍA MATOS, Defendant and Appellant.

No. 2841. Argued July 19, 1926. Decided July 29, 1926.

*Leopoldo Tormes* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The district court found the defendant guilty of slander and fined her $25. She appealed from that judgment and in her brief assigns as the sole error that the complaint is insufficient in that no offense is alleged therein.

The complaint reads as follows:

"I, Eustaquio Sanabria, I. P. No. 271, residing at Ponce, P. R., No. 41 Isabel street, of legal age, charge María Matos with the offense of slander, committed as follows: That on the 24th of July, 1925, at about 11 a. m. on Isabel street, Ponce, within the Municipal Judicial District of Ponce, P. R., and the Judicial District of the District Court of Ponce, P. R., the said María Matos then and there wilfully and maliciously and with the intention of defaming me and placing me in a ridiculous light before the public and to injure me

as an Insular Policeman, publicly stated that on the night before I was perfectly drunk at Coto street, lying on a board, and that I had drunk intoxicating liquor with various persons, these statements being false and having injured my good reputation and exposed me to an administrative action . . .''

The appellant alleges that the words said to have been spoken by her do not constitute a tale or report and can not be construed as constituting an offense, citing the cases of *People* v. *García,* 21 P.R.R. 153, and *People* v. *López,* 23 P.R.R. 107.

The Act which defines and punishes slander, approved March 9, 1911, reads as follows:

"Sec. 1.  Slander is a false and malicious utterance made by word of mouth in a public manner against a natural person or a body corporate, whereby said natural person or body corporate is charged with the commission of a deed punishable by law.

"Sec. 2.  Slander is also a tale or report maliciously and publicly made tending to injure the honor, reputation or worthiness of a natural person or body corporate."

The Spanish version of section 2 is not a true and exact translation of the English text.  This fact was pointed out in the case of *People* v. *García, supra,* wherein it was said: ''It is also true that the Spanish version of section 2 of the law above quoted reads 'any word or thought maliciously and publicly spoken,' etc. (*toda palabra o concepto proferido maliciosa y públicamente, etc.*), where the English version says 'a tale or report maliciously and publicly made.' '' It was held also that in case of conflict between the two versions, when the statute is new or of American origin, the English text must control.

The statute, therefore, defines two ways of committing the offense.  Section 1 refers to the utterance made by word of mouth when the same involves the commission of a deed constituting a crime, and section 2 defines the offense when a tale or a report is made tending to injure the honor, reputation or worthiness of the person spoken of.  Under this

last definition the complaint was made in the present case. The words alleged to have been spoken by the defendant do not charge the plaintiff with the commission of a crime, but they involve a tale or report maliciously and publicly made that would injure his honor, credit or reputation, and we have no doubt that, if false, the utterance would affect the reputation of the complainant, not only as a private citizen, but also as a public officer, rendering him unfit and incompetent to discharge the duties of insular policeman.

The citations of the appellant in this case are not applicable, for the facts are different.

For the reasons stated the judgment should be affirmed.